Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with some modification as follows:
The Full Commission find as fact and conclude as a matter of law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. At the time in question the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employment relationship existed between plaintiff employee and defendant employer.
3. Defendant employer was a qualified self-insured, whose claims were administered by Educator Benefit Services.
4. A Form 22 Wage Chart dated November 12, 1993 and prepared by defendant employer, which yields an average weekly wage of $189.91 and compensation rate of $126.61.
* * * * * * * * * * * * *
Based upon the competent evidence adduced at the hearing, the Full Commission make the following additional
FINDINGS OF FACT
1. Plaintiff is a right-handed, 46 year-old female who for the last 15 years has been employed by defendant employer as a cafeteria worker at Lincoln Heights School.
2. Prior to May of 1993 she had never experienced any problems with her dominant right thumb, but in 1980 had undergone a right carpal tunnel release and right trigger finger release of her middle or long finger, which she developed after she was already scheduled for carpal tunnel release surgery and initially experienced problems with her finger when she was wringing out rags as part of her job as a cafeteria worker. Following her corrective surgeries plaintiff was able to return to her regular cafeteria worker's job and did not experience any further problems with her hand, fingers or thumb until developing pain in her dominant right thumb in May of 1993 toward the end of the school year.
3. The involved claim is one for disabling stenosing tenosynovitis and right trigger thumb due to the trauma associated with the manner that plaintiff had to repetitively use her dominant right thumb in the course of performing her regular cafeteria worker's job, which (the same condition) is one of the specifically named occupational diseases under the provisions of G.S. 97-53; to wit: tenosynovitis caused by trauma in employment (G.S. 97-53(21).
4. Plaintiff's duties as a cafeteria worker required that she use her dominant right hand to perform the following:
 (1) Sweeping and mopping the floor, wiping down tables and hanging up chairs. (2) Working on the serving line from approximately 10:50 each morning until a little afternoon using a spoon held in her right hand, with the thumb resting against the spoon to continually dip out and serve food. (3) Making 30 peanut butter and jelly sandwiches daily requiring her to use something like an ice cream scoop to scoop out peanut butter and a smaller scoop to scoop out jelly, which she would release by depressing her dominant right thumb, as well as using a spatula to spread the peanut butter and then jelly on each sandwich, putting the sandwiches in plastic bags and finally heat sealing them. (4) Cleaning pots and pans requiring her to use something similar to a Brillo pad held in her right hand to remove encrusted food.
5. Due to the above-described trauma associated with the repetitive manner that she had to use her dominant right hand and thumb in the course of her work as a cafeteria worker plaintiff developed stenosing tenosynovitis and resulting right trigger thumb toward the end of the school year in May of 1993 when she began to experience pain and stiffness in the same joint.
6. In July of 1993 plaintiff sought treatment from her family physician, Dr. Wilmer Betts, who provided a thumb splint. Although over the summer plaintiff stayed home and did nothing; her symptoms did not improve; but rather, her thumb became more stiff and useless. When she returned to her regular cafeteria worker's job at the beginning of the school year she continued to have problems with her right hand and thumb and returned to Dr. Betts, who subsequently referred her to Dr. Wallace Andrew, an orthopedic surgeon.
7. In October of 1993 Dr. Andrew performed corrective surgery for the disabling right trigger thumb that plaintiff had developed due to the trauma associated with the manner that she had to repetitively use the same member in the course of her regular cafeteria worker's job.
8. As a result of her corrective thumb surgery plaintiff was totally incapacitated from working during the period from October 18, 1993 to November 23, 1993 when she returned to her regular cafeteria worker's job and has since continued to perform it to date.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission make the following
CONCLUSIONS OF LAW
1. Due to the trauma associated with the above-described repetitive manner that she had to use her dominant right thumb in the course of her regular employment as a cafeteria worker for defendant employer plaintiff developed disabling stenosing tenosynovitis and resulting right trigger thumb, which is a specifically named occupational disease under the provisions of G.S. 97-53(21) and thus a compensable one.
2. As a result of the occupational disease giving rise hereto plaintiff was temporarily totally disabled from October 18, 1993 to November 23, 1993 entitling her to compensation at a rate of $126.61 per week during the same period. G.S. 97-29.
* * * * * * * * * * * * * *
The foregoing stipulations, findings of fact and conclusions of law engender the following
AWARD
1. Defendant shall pay plaintiff, on account of her temporary total disability, compensation at a rate of $126.61 per week during the period from October 18, 1993 to November 23, 1993. Such compensation having accrued the same shall be paid in lump sum, without commutation.
2. To the extent the same was reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the occupational disease giving rise hereto, including as part thereof the corrective trigger thumb release she underwent in October of 1993, when bills for the same are submitted on proper forms, through the above-named servicing agent, to the Industrial Commission for approval and are approved by the Commission.
3. Defendant shall further pay plaintiff pursuant to N.C. Gen. Stat. § 97-86.2 interest on the Award herein at the legal rate from November 15, 1994, the date of the original hearing.
4. Defendant shall bear the costs of this action, including a reasonable attorney's fee of $1,200.00 which is hereby awarded to plaintiff's attorney, Charles Hassell, as part of the bill of costs.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________________ J. RANDOLPH WARD COMMISSIONER
S/ ______________________________ THOMAS J. BOLCH COMMISSIONER
BSB:md